HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD WARD CUSTER,

        Plaintiff,

    v.

UNITED STATES DEPARTMENT OF TREASURY,

        Defendant.

Case No. C18-669-RAJ

ORDER

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Richard Ward Custer's complaint with leave to amend. Dkt. # 15. The Court **DENIES** Plaintiff's Motion for Relief (Dkt. # 10), Second Motion to Amend (Dkt. # 12), Second Motion to Amend (Dkt. # 13), Motion for Writ of Attachment (Dkt. # 14), Fourth Motion for Relief (Dkt. # 23), an Interim Motion for Default Judgment (Dkt. # 26) as moot.

On May 4, 2018, Plaintiff filed this action against Defendant United States Department of Treasury, Internal Revenue Service. Dkt. #1. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. ## 1, 4. The Honorable Brian A. Tsuchida granted the application. Dkt. # 5. Plaintiff subsequently filed several amended complaints. Dkt. ## 6, 9, 11, 15.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C.

ORDER – 1

§ 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff's complaints are largely unintelligible and consist of lists of companies, federal agencies, statutes, years, and names. The complaints are all essentially identical. Many of Plaintiff's allegations consist of long sentences, several of which are at least fifteen lines long. Plaintiff consistently alleges that some component of the Federal Government committed a tort or criminal act, and repeatedly mentions two homicides. The Complaint does not contain any allegations explaining what these torts or criminal

ORDER – 2

acts were, how the homicides are related, or how these allegations are relevant to Plaintiff's claims against Defendant. While Plaintiff cites to several statutes, the complaint contains no details regarding Defendant's actions or how Defendant's actions violated those statutes. Even construing all allegations in the light most favorable to the Plaintiff and giving due deference to Plaintiff's *pro se* status, his complaint fails to state a claim showing he is entitled to relief.

For the reasons stated above, the Court **DISMISSES** *pro se* Plaintiff Richard Ward Custer's complaint with leave to amend. Dkt. # 15. The Court **DENIES** Plaintiff's Motion for Relief (Dkt. # 10), Second Motion to Amend (Dkt. # 12), Second Motion to Amend (Dkt. # 13), Motion for Writ of Attachment (Dkt. # 14), Fourth Motion for Relief (Dkt. # 23), and Interim Motion for Default Judgment (Dkt. # 26) as moot. **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

DATED this 26th day of October, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3